RICARDO LA COSTA, JR., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondents; CHESS CLUB OF SAN JUAN ET AL., Interveners.

No. 1688.   Argued April 1, 1947.—Decided April 9, 1947.

*Luis E. Dubón* and *Otero Suro & Otero Suro* for petitioner. *F. Prieto Azúar* for interveners, defendants in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Ricardo La Costa, Jr. brought a proceeding of unlawful detainer in the municipal court against the Chess Club of San Juan to obtain possession of a portion of a building which the Club had been occupying as his tenant on a month to month lease. The defendant appealed to the district court from a judgment in favor of the plaintiff. The district court held that under Act No. 464, Laws of P. R., 1946 (p. 1326),

the defendant could not be ousted. We granted certiorari to determine if Act No. 464 applies to this case.

The parties stipulated in the district court that the defendant used the property for its "social and cultural" activities, and did not use it for mercantile, industrial or commercial operations, for professional offices, or as a clinic. The stipulation also provided that the Club maintained its "home or domicile" in the property in question; that it handled all its matters there; that chess contests took place there periodically; that it had a desk, some chairs, a file, a typewriter for correspondence, and stationery; that the Club has approximately forty members who pay two dollars a month dues with which, in addition to receipts from chess exhibitions, the Club is supported; that stories for the press concerning chess contests of the Club are written there; that it is open daily; that its Board of Directors meets there; that it has always maintained a bank account and a postoffice box; and that a large part of the travelling expenses of the chess champion of Puerto Rico when he engages in contests outside of Puerto Rico is paid by the Club.

Section 12 of Act No. 464 prohibits ouster of a tenant who continues to pay the rent of buildings "used for businesses, professional offices, or commercial or industrial purposes." Section 4 recites that the Act shall apply to buildings used for "business . . . commercial and industrial purposes." Section 22 defines "rental property" as a building used "for businesses, professional offices, or commercial or industrial purposes." And Section 22 further provides that "Buildings used for businesses" includes buildings used for clinics, private hospitals, and consultation rooms.

■■ The lower court was of the view that a "business" could be conducted either for profit or on a non-profit basis, and consequently that the Act applies even to a non-profit association provided it is engaged in "business". We assume, without deciding, that we would agree with the district

160

court on this point. But we fail to see how we can say that the Chess Club is engaged in "business" when its activities are exclusively social or cultural in promoting chess among its members and in the community.

The Legislature did not, as the defendant contends, make the Act applicable to all buildings used for non-dwelling purposes. On the contrary, it made use for "business" purposes a requisite. It was careful to define "business" as including hospitals. But it never undertook to include social or cultural organizations within the term "business purpose" and there= fore within the scope of Act No. 464. Perhaps such tenants should have the same protection as Act No. 464 affords others. But we cannot refuse to follow the plain language of the statute. The remedy, if any is needed, lies in the hands of the Legislature.[1]

The judgment of the district court will be vacated and the case remanded for further proceedings not inconsistent with this opinion.

[1] We entered an order granting the insular Administrator the right to file a brief herein if he deemed it convenient, but no such brief has been filed.